UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| KURTIS HYLTON, | ) C/A No. 3:05-2271-MBS-BM |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) **REPORT** |
| | ) **AND RECOMMENDATION** |
| ANGIE ELKINS AND DOLLAR TREE STORES, | ) |
| INC. | ) |
| Defendant(s). | ) |
| | ) |
| _____ | ) |

This action was originally filed by the Plaintiff, pro se, in a South Carolina Magistrate's Court for York County. This action was removed to federal court by the Defendants on August 9, 2005, asserting federal question jurisdiction on the grounds that Plaintiff's Complaint raised issues of federal law. However, as a review of the text of Plaintiff's Complaint failed to reveal the jurisdictional basis for his claims, and in light of Plaintiff's pro se status, the Court issued an order on August 22, 2005 providing Plaintiff twenty (20) days to clarify the grounds for his cause of action as set forth in the Complaint.

On September 19, 2005, the Court's order directed to the Plaintiff was returned by the postal service as undeliverable. Upon receipt of this returned document, chambers contacted counsel for the Defendants, who advised that he had  had no contact with the Plaintiff since his mailing of the notice of removal on August 9, 2005. Therefore, on November 8, 2005 the Court entered a second order noting that parties in a civil action are required to keep the Court advised of



their address in order that they may be contacted by the Court, as well as the other party to the case, concerning the prosecution of the case, and instructing Plaintiff to notify the Court within ten (10) days of the date of that order as to whether he wished to continue with this case, and to provide a current address. Plaintiff was further specifically advised that if he failed to respond as instructed, a Report and Recommendation would be entered  recommending that this action be dismissed, without prejudice, in accordance with Rule 41(b), Fed.R.Civ.P.

The Court's order of November 8, 2005 has now also been returned to the Court, bearing the notation "not deliverable as addressed - unable to forward."  Based on the foregoing, it is readily apparent that neither the Court nor the Defendant has any means of contacting the Plaintiff concerning this case, nor has Plaintiff had any contact with the Defendant or this Court for now over three (3) months.  Therefore, it is recommended that this action be **dismissed**, **without prejudice**, in accordance with Rule 41(b), Fed.R.Civ.P.  The Clerk is directed to send this Report and Recommendation to the Plaintiff at his last known address.

Pursuant to the requirements of 28 U.S.C. § 636 and Rule 72(b), Fed.R.Civ.P., Plaintiff is required to file any objections to this Report and Recommendation within ten (10) days of its filing. See Attached Notice Page.  In light of Plaintiff's pro se status, if Plaintiff notifies the Clerk of his present address and that he wishes to continue to prosecute this case within this ten (10)  day period,  this Report and Recommendation shall be vacated, and the Clerk shall return this file to the undersigned for further pre-trial proceedings.  However, in the event Plaintiff fails to so notify the Clerk within the time period set forth herein, the Clerk shall forward this Report and Recommendation together with the file in this case to a United States District Judge for



disposition. Rule 72(b), Fed.R.Civ.P.  <u>See</u> <u>generally</u>, <u>Carey v. King</u>, 856 F.2d 1439 (9th Cir.

1988); <u>Armstrong v. Walters</u>, 1985 WL 3401 (S.D.N.Y. 1985).

The Plaintiff's attention is directed to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

November 14, 2005

## Notice of Right to File Objections to Magistrate Judge's Report and Recommendation
## &
## The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of its filing.  28 U.S.C. § 636 and Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail.  Fed. R. Civ. P. 6.  Based thereon, this Report and Recommendation, any objections thereto, and the case file will be delivered to a United States District Judge fourteen (14) days after this Report and Recommendation is filed.  Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3 (S.D.N.Y. 1992).  A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge.  See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he wishes the United States District Judge to consider any objections.  Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.  Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge.  See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-47 & nn. 1-3 (4th Cir. 1985).  Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he did not object.  In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues.  Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991).  See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985).  In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object.  The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless.  * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.  * * *  We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-19 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review.  * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd. Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review").  This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.  See Wright, supra,; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing addressed as follows:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

4

